**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel D Rodriguez,<br><br>    Plaintiff,<br><br>v.<br><br>Jose Pasos, et al.,<br><br>    Defendants. | No. CV-19-05433-PHX-GMS (ESW)<br><br>**ORDER** |

Plaintiff Angel D. Rodriguez, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, has filed a pro se Second Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 42). Pending before the Court are several motions which are addressed herein.

**"ExtendTion [sic] of Time to Summons Defendant(s)" (Doc. 47) and "Motion: Subpoena, Finding Werebouts [sic] of Defendant(s) (Doc. 48)**

Plaintiff acknowledges that service of process has been returned unexecuted as to Defendants Ta and Nelson. Plaintiff seeks an extension of time to serve Defendants Ta and Nelson as well as a subpoena to conduct discovery to obtain their addresses. The time to effectuate service of process on the Second Amended Complaint has not yet expired (Doc. 41 at 3). Therefore, an extension of time is not yet necessary. Defense Counsel has indicated that she will file under seal the last known addresses for both Defendants Ta and Nelson, as both are no longer employed by the Arizona Department of Corrections. As Defense Counsel will file the last known addresses of Defendants Ta and Nelson under

seal, subpoenas duces tecum to conduct discovery regarding Defendants' addresses are unnecessary. The Court will deny both Motions (Docs. 47, 48) and order the Defendant to file under seal with the Clerk of Court the last known addresses of Defendants Ta and Nelson. The Clerk of Court will be directed to fill out service packets for each Defendant based upon the sealed information filed and forward completed packets to the United States Marshal Service ("USMS") to effectuate service of process.

### "Motion of Service/Discovery Conference Request" (Doc. 44)

Plaintiff requests a discovery conference because "Plaintiff served Defendant(s) two discovery requests. First request on February, 13th 2020 (Doc. 28). Second Request March, 5th 2020 (Doc. 35). Both Requests have'nt been Answer By Defendant(s)." A review of the docket reflects that Plaintiff has propounded a number of requests for production and interrogatories in numerous documents entitled "Motion of Service" (Docs. 22, 26, 27, 28, 33, 35, 36, 37) and Motion Initial Disclosure Report (Doc. 23). Plaintiff seeks the production of various documents, audio and video footage, photos, medical/mental health records, as well as answers to interrogatories. Defendant Pasos indicates that none of the requests have been properly served on counsel.

Federal Rules of Civil Procedure Rule 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff has not "used" these many discovery requests in the proceeding (e.g. by relying upon responses in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual discovery requests instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d) of the Federal Rules of Civil Procedure. Accordingly, the documents docketed as Notices (Docs. 22, 23, 26, 27, 28, 33, 35, 36, 37)

will be stricken. The actual requests for discovery must be served on Defendant's counsel, not the Court. Only a Notice of Service of any discovery requests served upon defense counsel must be timely filed with the Court.

Because Plaintiff has not yet served his discovery requests upon the Defendant through counsel, a discovery conference is premature. Plaintiff's Motion of Service/Discovery Conference Request (Doc. 44) will be denied.

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "ExtendTion [sic] of Time to Summons Defendant(s)" (Doc. 47), "Motion: Subpoena, Finding Werebouts [sic] of Defendant(s) (Doc. 48), and "Motion of Service/Discovery Conference Request" (Doc. 44).

**IT IS FURTHER ORDERED** that defense counsel file under seal the last known addresses of Defendants Ta and Nelson. The Clerk of Court is directed to fill out service packets for each Defendant based upon the sealed information filed and forward completed packets to the United States Marshal Service ("USMS") to effectuate service of process consistent with the Court's Order (Doc. 41).

**IT IS FURTHER ORDERED** striking Documents 22, 23, 26, 27, 28, 33, 35, 36, and 37. Future discovery requests not used in the proceeding must be served upon defense counsel, not the Court. **The Court deems the date of filing of this Order to be the date of service of Plaintiff's "Request for Discovery" (Doc. 35) upon Defendant.**

**IT IS FURTHER ORDERED** that by **June 23, 2020**, Plaintiff shall file a Notice of Service in compliance with LRCiv 5.2, indicating that on June 6, 2020 Plaintiff served his Discovery Request, which the Court deems a request for production and interrogatory, on Defendant.

Dated this 5th day of June, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge