**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel D Rodriguez, | No. CV-19-05433-PHX-GMS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Soliz, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 115) issued by Magistrate Judge Eileen S. Willett recommending that the Court dismiss Defendants Pedro Solis Valencia and Joahari Nelson without prejudice. Plaintiff Angel D. Rodriguez ("Plaintiff") timely filed an objection to the R&R. (Doc. 116.) For the following reasons, the Court adopts the R&R.

## BACKGROUND

Because no party has objected to the procedural background set forth in the R&R, the Court adopts the background as set forth therein:

> This is a civil rights action filed by Arizona state prisoner Angel D. Rodriguez pursuant to 42 U.S.C. § 1983. The two Defendants who have not been served as ordered by the Court's order (Doc. 41) screening the Second Amended Complaint (Doc. 42) are Defendants Solis-Valencia and Nelson. The deadline to serve these two Defendants expired on July 9, 2020.[1] On

---

[1] The Court's April 10, 2020 Screening Order required service to be effected by the later of ninety days following the filing of the Second Amended Complaint or sixty of the filing

> August 5, 2020, the Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed as to Defendants Nelson and Solis-Valencia for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 90.) Plaintiff responded to the Order to Show Cause on August 18, 2020. (Docs. 91, 92.) The Court allowed Defendants to respond to Plaintiff's responses to the Order to Show Cause. (Doc. 102.) Defendants filed their Responses (Docs. 105, 106) on September 24, 2020, to which Plaintiff replied. (Docs. 108, 109.)

(Doc. 115 at 1–2.)

## DISCUSSION

### I. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

### II. Analysis

#### A. Defendant Solis Valencia

After filing his original complaint, Plaintiff returned a service packet to the Clerk of Court on October 30, 2019. In the service packet, Plaintiff instructed the United States Marshal's Service ("Marshal's Service") to serve "correctional officers (co's) II ? Soliz." (Doc. 14 at 1.) On January 10, 2020, the Marshal's Service filed a Process Receipt and

---

of the Order. (Doc. 41 at 3.) As the Second Amended Complaint (Doc. 42) was filed on April 10, 2020, the ninety-day timeframe applies. Ninety days from April 10, 2020 is July 9, 2020.

Return, indicating that a "Captain at Prison" had accepted service on January 3, 2020. *Id.*

On January 24, 2020, Defendant Jose Pasos, on behalf of "Defendant Correctional Officer ("CO") II Unknown Soliz," filed a motion to dismiss for insufficient service, asserting that the Captain who accepted service was not authorized to do so and that the individual Defendant Pasos believed Plaintiff intended to serve had been on military leave since December 30, 2019. (Doc. 17 at 1, 3.) While Defendant Pasos' motion to dismiss was pending, the Magistrate Judge granted Plaintiff's request to file a Second Amended Complaint, which named Pedro Solis Valencia for Defendant Soliz. (Doc. 41 at 1–2.) Due to the filing of the Second Amended Complaint, this Court denied Defendant Pasos' motion to dismiss as moot. (Doc. 43.)

In the service packet for the Second Amended Complaint, Plaintiff instructed the Marshal's Service to serve Solis Valencia at a PO Box located at the state prison "ASPC-Lewis-Buckley." (Doc. 57 at 1.) On June 10, 2020, service of process for Solis Valencia was returned unexecuted because "[p]erson to serve is on military leave: possibly deployed." *Id.*

Plaintiff objects to the Magistrate Judge's recommended dismissal of Solis Valencia on the grounds that the Marshal's Service had accurate and sufficient information to effectuate service. (Doc. 116 at 1.) Plaintiff contends that Solis Valencia was at the prison address he provided during the time that both summons were issued and that "Defendant Solis-Valencia avoided the summons." *Id.* at 2–3. Plaintiff also takes issue with the Magistrate Judge not mentioning the first summons in her Order. *Id.* at 1–2.

Other than bare allegations, Plaintiff does not provide evidence that Solis Valencia was working at the prison, and not on military leave, when the Marshal's Service attempted to serve process in June. The circumstances of the first summons are not at issue because of the filing of the Second Amended Complaint; however, even if its circumstances did have an impact here, Plaintiff does not provide evidence that Solis Valencia was working at the prison on January 3 when the Marshal's Service contacted the Captain. Therefore, the Magistrate Judge did not err in recommending Solis Valencia's dismissal without

prejudice.

### B. Defendant Nelson

In his Second Amended Complaint, Plaintiff added Joahari Nelson as a defendant. (Doc. 42.) Service was returned unexecuted on June 10, 2020 for the reason that Nelson was "no longer employed with [Arizona Department of Corrections, Rehabilitation and Reentry]." (Doc. 58 at 1.) Following the first attempted service, the Magistrate Judge ordered defense counsel to file, under seal, the last known address of Nelson. (Doc. 53 at 2.) The Clerk of Court subsequently forwarded a service packet to the Marshal's Service with the last known address provided by defense counsel and the Marshal's Service attempted service again. Service was returned unexecuted on July 9, 2020 for the reason that Nelson was not at that address. (Doc. 70.)

Plaintiff objects to the Magistrate Judge's recommended dismissal of Nelson on the grounds that it was defense counsel's obligation to give the Marshal's Service accurate information and that counsel had that information from Nelson's employment application. (Doc. 116 at 3.) Defense counsel was only obligated to provide information on Nelson as ordered, which defense counsel did when they filed Nelson's last known address with the Court. (Doc. 63.) Plaintiff does not provide any basis for the Court to conclude that defense counsel provided an inaccurate last known address. Accordingly, the Magistrate Judge did not err in recommending Nelson's dismissal without prejudice.

### CONCLUSION

Having reviewed the record as it relates to Plaintiff's objection *de novo*, the Court accepts the Report and Recommendation.

**IT IS THEREFORE ORDERED** that Plaintiff Angel D. Rodriguez's Response and Objections to Magistrate Judge's Report and Recommendation (Doc. 116) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Eileen S. Willett (Doc. 115) is **ADOPTED.**

/ / /

1
2   **IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss without
3   prejudice Defendants Pedro Solis Valencia and Joahari Nelson from this action.
4   Dated this 26th day of January, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge